IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| S.J., a minor, by and through her mother and next friend, Lamesha Reese, | ) ) ) |
| Plaintiff, | ) ) ) CIVIL ACTION NO. 2:10cv506-MHT-WC |
| v. | ) ) |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) ) ) ) |
| Defendant. | ) |

# RECOMMENDATION OF THE MAGISTRATE JUDGE

**I.     INTRODUCTION**

On January 2008, Lamesha Reese ("Plaintiff") filed an application on behalf of S.J., her minor daughter for SSI benefits under Title XVI of the Social Security Act ("Act"), 42 U.S.C. §§ 1381-1383c, alleging S.J. became disabled on December 30, 2005 (Tr. 151-157), due to speech articulation delays and food allergies (Tr. 174). Plaintiff's application was denied at the initial administrative level. Plaintiff then requested and received a hearing before an Administrative Law Judge (ALJ). Following the hearing, the ALJ also denied the claim. The Appeals Council rejected a subsequent request for review. The ALJ's decision consequently became the final decision of the Commissioner of Social Security (the Commissioner).[1]   *See Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986).  For the reasons

---

[1]Pursuant to the Social Security Independence and Program Improvements Act of 1994, Pub. L. No. 103-296, 108 Stat. 1464, the functions of the Secretary of Health and Human Services with respect to Social Security matters were transferred to the Commissioner of Social

that follow, the undersigned Magistrate Judge RECOMMENDS that the decision of the ALJ be AFFIRMED.

## II.   STANDARD FOR CHILDHOOD DISABILITY

Under 42 U.S.C. § 1382c(a)(3)(C)(I), a person under the age of 18 is disabled (and hence entitled to disability benefits) if the person "has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."[2] In determining whether a child is disabled, the Commissioner employs the following three-step sequential evaluation process. *See* 20 C.F.R. § 416.924 (2007).

>  (1) Is the person presently not engaged in substantial gainful activity?
>
>  (2) Is the person's impairment severe?
>
>  (3) Does the person's impairment meet or equal one of the specific impairments set forth in 20 C.F.R. Pt. 404, Subpt. P, App. 1 (the "Listing of Impairments"), and also meet the twelve-month duration requirement?[3]

If the answer to each of the three questions is "yes," then the child is entitled to benefits.

---

Security.

[2] A "physical or mental impairment" is one resulting from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.

[3] Part A of the Listing of Impairments applies to children and adults; Part B applies to children only.  In dealing with a child's case, the Commissioner looks first to Part B, then to Part A.  20 C.F.R. § 416.925(b); *Wilkinson v. Bowen*, 847 F.2d 660, 661 (11th Cir. 1987).

In order for a severe impairment to meet or equal one of the listed impairments, the impairment must "cause[] marked and severe functional limitations" for the child claimant. 20 C.F.R. § 416.911(b).

> A child's impairment is recognized as causing "marked and severe functional limitations" if those limitations meet[], medically equal[], or functionally equal[] the [L]istings. A child's limitations "meet" the limitations in the Listings if the child actually suffers from the limitations specified in the Listings for that child's severe impairment. A child's limitations "medically equal" the limitations in the Listings if the child's limitations are at least of equal medical significance to those of a listed impairment.

*Shinn ex rel. Shinn v. Comm'r of Soc. Sec.*, 391 F.3d 1276, 1278 (11th Cir. 2004) (internal quotations and citations omitted). Even if the child's impairment does not meet or medically equal a listing, it may still functionally equal a listing. In assessing functional equivalence, the ALJ considers the "degree to which the child's limitations interfere with the child's normal life activities. The C.F.R. specifies six major domains of life:

> (I) Acquiring and using information;
>
> (ii) Attending and completing tasks;
>
> (iii) Interacting and relating with others;
>
> (iv) Moving about and manipulating objects;
>
> (v) Caring for [one]self; and
>
> (vi) Health and physical well-being."

*Id*. at 1279. "The C.F.R. contains various 'benchmarks' that children should have achieved

3

by certain ages in each of these life domains." *Id.* (citing 20 C.F.R. §§ 416.926a(g)-(l)). "A child's impairment is 'of listing-level severity,' and so 'functionally equals the listings,' if as a result of the limitations stemming from that impairment the child has 'marked' limitations in two of the domains [above], or an 'extreme' limitation in one domain." Id. (citing 20 C.F.R. § 416.926a(d) and § 416.925(a)). A marked limitation is one that interferes seriously with the child's "ability to independently initiate, sustain, or complete activities." 20 C.F.R. § 416.926a(e)(2)(I). An "extreme limitation" is one that "interferes very seriously with [the child's] ability to independently initiate, sustain, or complete activities." 20 C.F.R. § 416.926a(e)(3)(I).

### III. SCOPE OF REVIEW

The standard of review of the Commissioner's decision is a limited one. This Court must find the Commissioner's decision conclusive if it is supported by substantial evidence. 42 U.S.C. § 405(g); *Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997). "Substantial evidence is more than a scintilla, but less than a preponderance. It is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). A reviewing court may not look only to those parts of the record which support the decision of the ALJ, but instead, must view the record in its entirety and take account of evidence which detracts from the evidence relied on by the ALJ. *Hillsman v. Bowen*, 804 F.2d 1179 (11th Cir. 1986).

[The Court must] . . . scrutinize the record in its entirety to determine the

> reasonableness of the [Commissioner's] . . . factual findings. . . . No similar presumption of validity attaches to the [Commissioner's] . . . legal conclusions, including determination of the proper standards to be applied in evaluating claims.

*Walker v. Bowen*, 826 F.2d 996, 999 (11th Cir. 1987).

### IV. ADMINISTRATIVE PROCEEDINGS

S.J. was eight years old at the time of the hearing before the ALJ. Tr. 15. Following the administrative hearing, the ALJ found that S.J. had not engaged in substantial gainful activity at any time since the application date (Step 1). Tr. 15. The ALJ also found that S.J. had the following severe impairments under Step 2: developmental disorder, not otherwise specified; allergies; allergic rhinitis; atopic dermatitis; sinusitis; eczema; vision deficit; otitis media; seizure disorder; language disorder; and communication disorder. *Id*. Nonetheless, the ALJ concluded that these impairments do not meet or equal in severity the criteria for any impairment in the Listing of Impairments, and that the claimant did not have an "extreme" limitation in any areas of functioning or "marked" limitation in two areas of functioning. Tr. 18-28. Consequently, the ALJ found the claimant was not disabled. Tr. 28.

### V. PLAINTIFF'S CLAIMS

Plaintiff presents four issues for review: (1) Whether "[t]he final decision of the Commissioner denying benefits to S.J. is not supported by substantial evidence."; (2) Whether "[t]he Commissioner erred as a matter of law in failing to accord adequate weight to the opinion of S.J.'s treating physician(s)."; (3) Whether "[t]he Commissioner erred as a

matter of law in evaluating the severity of S.J.'s impairments."; and (4) Whether "[t]he ALJ erred as a matter of law in failing to seek further medical review and thus failing to fully and adequately develop the record."  Pl.'s Brief (Doc. #10) at 6-13.

VI.   **ANALYSIS**

    A.   *Whether the final decision of the Commissioner denying benefits to S.J. is not supported by substantial evidence.*

Plaintiff challenges whether the ALJ properly showed "good cause why the opinion of the [sic] S.J.'s treating sources, his teachers and his mother should not be given substantial or considerable weight."[4]  Pl.'s Brief (Doc. #10) at 6-7.  Plaintiff makes no other mention of the teachers' testimony in her brief and only briefly mentions her own testimony once in another section of the brief.[5]  However, Plaintiff fails to point this court to specific portions of testimony that might be consistent with any evidence from a treating source.  The court will not assume or make arguments for Plaintiff and considers any arguments based on her own, or the teachers' testimony, to be waived.

In support of her argument regarding the ALJ's failure to give controlling weight to S.J.'s treating source, Plaintiff points this court to a report submitted by the Center for Child and Adolescent Development (CCAD), stating:

---

[4] Despite the pronouns used in this sentence, S.J. is a girl.

[5] "The treating physician's opinion is consistent with and supported by the medical evidence of record, the mother's testimony and the laboratory findings in this case." *Id*. at 12.

> "[The ALJ] did not provide any reasoning for discrediting the updated report provided by S.J.'s attorney and referenced repeatedly in a letter/brief requesting payment on the record (Tr. 143). His decision appeared to act as if these five pages of medical evidence of record providing an updated and detailed report from Center for Child and Adolescent Development were not part of the record. (Tr. 145-150)."

Pl.'s Brief (Doc. #10) at 7. First, it is not clear that the CCAD is a treating source. Plaintiff presented S.J. to CCAD for assessments. The record in this case does not indicate an ongoing treating relationship between CCAD and S.J.[6] Second, Plaintiff fails to inform the court as to which portions of the CCAD report the ALJ discredited and why that was error. The ALJ discussed the CCAD's 2009 report, but did not discuss discrediting the report. *See* Tr. 20.[7] And, what specifically in the report might substantively conflict with the ALJ's opinion is not readily apparent to this court. *See* Tr. 145-50. Indeed, the diagnosis in the 2009 report appears to closely match the ALJ's determination of S.J.'s severe impairments. *Id*. Accordingly, the court finds this argument to be without merit.

> ### B. Whether the Commissioner erred as a matter of law in failing to accord adequate weight to the opinion of S.J.'s treating physician(s).

In this section, Plaintiff again makes her argument based on the CCAD's 2009 report

---

[6] A "treating source" (i.e., a treating physician) is a claimant's "own physician, psychologist, or other acceptable medical source who provides you, or has provided you, with medical treatment or evaluation and who has, or has had, an ongoing treatment relationship with you." 20 C.F.R. § 404.1502. The CCAD report actually recommends that S.J. seek evaluation by her pediatrician for the appropriateness of medication for the treatment of her ADHD symptoms. Tr. 146.

[7] The ALJ refers to the report as "psycho evaluation report" and Exhibit B14B. Tr. 20.

of 2009.  Plaintiff argues that it was error for the ALJ to rely on the IQ scores from 2007 in making his determination and that he should have relied on, or at least considered the 2009 scores.

First, the ALJ had a duty to develop the record from the twelve months prior to the filing of the application (in this case, December of 2007).  *See Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003).  Thus, the 2009 scores fell outside of the relevant consideration dates.

Second, even considering the 2009 IQ scores, Plaintiff fails to elaborate how the ALJ's consideration of the 2009 IQ score might have changed the ALJ's findings or even how the 2009 score conflicted with the 2007 score.  The finding in the 2007 report was a full scale IQ score of 77.  The full scale score from the CCAD was a 72.  As will be discussed below, neither of these scores, or consideration of them in combination, are inconsistent with the ALJ's findings.  The diagnoses made as a result of the scores were the same.  The CCAD's 2009 report finds at AXIS II, that S.J. functions in the "Low Average Range," Tr. 145, while the 2007 report finds that S.J. functioned in the low end of the average range.  *See* Tr. 19.

Thus, Plaintiff has failed to show how the ALJ's reliance on the 2007 IQ score was error.

    **C.**    ***Whether the Commissioner erred as a matter of law in evaluating the severity of S.J.'s impairments.***

Here, Plaintiff argues the "ALJ erred in not finding S.J.'s multiple issues of disability met the Listing of Childhood Impairments at 112." Pl.'s Brief (Doc. #10) at 10. In support of her argument, Plaintiff points to the medical evidence of record relating to S.J.'s skin conditions, *id*. at 10-11, and S.J.'s IQ score of 72, *id*. at 12. Plaintiff complains that the ALJ ignored the evidence of record and "played judge and doctor as he is want [sic] to do." *Id*. at 11. Plaintiff concludes that "[t]his claim should have been paid under Listing 112 based upon her FSIQ test score if [sic] 72 (Tr. 145-150) which at the very least suggests impaired mental functioning." *Id*. at 12.

The problem with Plaintiff's argument is that in order to be "paid under Listing 112" a claimant would need to show more than a suggestion of impaired mental functioning. The court assumes that because Plaintiff is speaking of IQ scores, she must be referring to Listing 112.05 - Mental Retardation. There is no evidence to support such a finding and Plaintiff makes no real argument in this regard. Indeed, the score to which Plaintiff points the court– the 2009 score of 72–places S.J. outside the Listing requirements. *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 112.05D (requiring "[a] valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant limitation of function"). More importantly, as stated above, the CCAD's 2009 report makes no finding of Mental Retardation. Rather, it finds that S.J. functions in the "Low Average

9

Range." Tr. 145. There is no evidence of record that S.J. meets any subsection of Listing 112.

To the extent plaintiff attempts to argue that S.J.'s IQ, in combination with her physical impairments, require the award of benefits, this too fails. Other than listing S.J.'s skin conditions, Plaintiff fails to point this court to any medical evidence of a *significant* limitation. This is not to say that S.J. does not suffer physical and/or mental limitations. However, the evidence of record in this case supports the ALJ's determination that S.J. does not have an "impairment or combination of impairments that result in either 'marked' limitations in two domains of functioning or [an] 'extreme' limitation in one domain of functioning." Tr. 28. Accordingly, the court finds this argument to be without merit.

### D.   *Whether the ALJ erred as a matter of law in failing to seek further medical review and thus failing to fully and adequately develop the record.*

In this section, Plaintiff merely asserts that "[t]he complex issues and multiple disabilities of this child tagged 'severe' by the ALJ himself, demand a Medical Expert to review the *entire* record and provide an unbiased opinion." Pl.'s Brief (Doc. #10) at 13. There is no argument made in this section, and, again, the court declines to suppose arguments on Plaintiff's behalf. Accordingly, the court deems this issue to be waived.

### V.   CONCLUSION

Accordingly, for the reasons stated above, the undersigned Magistrate Judge RECOMMENDS that the decision of the ALJ be AFFIRMED. It is further

ORDERED that the parties shall file any objections to the said Recommendation **on or before September 14, 2011.** Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party objects. Frivolous, conclusive, or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir.1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

Done this 31st day of August, 2011.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE